UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

MURALI GOBOORI,

    Plaintiff,

v.

JOSEPH SCAROLA, et al.,

    Defendants.

Civil Action No. 18-14553 (MAS) (TJB)

**MEMORANDUM ORDER**

This matter comes before the Court upon Plaintiff Murali Goboori's ("Plaintiff") "Motion for Entry of Default and Schedule Proof Hearing"[1] ("Motion") against Defendants Joseph Scarola ("Mr. Scarola") and Bombay Amusement, Inc. ("Bombay") (collectively, "Defendants"). (ECF No. 7.) Defendants failed to appear in this matter.

"[W]hen entry of a default judgment is sought against a party who has failed to plead or otherwise defend, the district court has an affirmative duty to look into its jurisdiction both over the subject matter and the parties." *D'Onofrio v. Il Mattino*, 430 F. Supp. 2d 431, 437 (E.D. Pa. 2006) (internal quotation marks omitted) (citing *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986)). "A consequence of the entry of a default judgment is that the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990) (internal quotation marks omitted). In addition,

> [w]hen a court considers personal jurisdiction in the posture of a default judgment, "although the plaintiffs retain the burden of proving personal jurisdiction, they can satisfy that burden with a *prima facie* showing," and "may rest their argument on their

---

[1] The Court construes Plaintiff's Motion as a Motion for Default Judgment pursuant to Federal Rule of Civil Procedure 55(b).

pleadings, bolstered by such affidavits and other written materials as they can otherwise obtain."

*D'Onofrio*, 430 F. Supp. 2d at 438 (citing *Mwani v. bin Laden*, 417 F.3d 1, 7 (D.C. Cir. 2005)).

Federal Rule of Civil Procedure 4(k)(1) provides that "[s]erving a summons . . . establishes personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located[.]" Federal Rule of Civil Procedure 4(e) provides that a district court may exercise personal jurisdiction over a defendant to the extent permitted by the state in which the district sits. Pursuant to the Due Process Clause of the Fourteenth Amendment, a court may not assert personal jurisdiction over a non-resident defendant who does not have "certain minimum contacts with [the forum] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." *Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n*, 819 F.2d 434, 437 (3d Cir. 1987) (alteration in original) (internal quotation marks omitted) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)).

With respect to jurisdiction in the present matter, Plaintiff alleged:

> This [C]ourt has subject matter and personal jurisdiction based on complete diversity of citizenship, 28 U.S.C. § 1332 as follows:
>
> Goboori, the [P]laintiff, is a New Jersey resident.
>
> Bombay is a New York corporation with its principal place of business at 3555 Victory Boulevard, Staten Island, New York, 10314. At the same time, Bombay conducts business in the State of New Jersey and therefore has minimum contacts in the State of New Jersey. Therefore, this [C]ourt has personal jurisdiction over Bombay.
>
> The [C]ourt has personal jurisdiction over Scarola because he, too, is a resident of the State of New York while maintaining minimum contacts in the State of New Jersey by virtue of his business dealings both in connection to the within matter and in connection to other, unrelated matters.

> The [P]laintiff's claim for damages exceeds the sum of $75,000.00.
>
> Therefore, subject matter and personal jurisdiction and venue are proper in the United States District Court for the District of New Jersey under 28 U.S.C. § 1391 (b) and (c) because both [D]efendants reside in the State of New York while the [P]laintiff resides in the State of New Jersey, both [D]efendants maintain minimum contacts in the State of New Jersey, a substantial part of the events or omissions giving rise to [P]laintiff's claims occurred in this judicial district, and [P]laintiff's claim for damages exceeds $75,000.

(Compl. ¶¶ 9-14, ECF No. 1.)

Here, Plaintiff served both Defendants in New York. (Bombay Req. to Enter Default, Aff. of Service,[2] ECF No. 5; Scarola Req. to Enter Default, Aff. of Service,[3] ECF No. 6.) Plaintiff, therefore, cannot establish personal jurisdiction pursuant to Federal Rule of Civil Procedure 4(k) because Defendants were served outside of New Jersey. Moreover, the Court cannot find personal jurisdiction over Defendants pursuant to New Jersey's long-arm statute because the Complaint's jurisdictional allegations are so conclusory it is not clear that Defendants have sufficient minimum contacts with New Jersey such that the suit does not offend traditional notions of fair play and substantial justice. *See Provident Nat'l Bank*, 819 F.2d at 437; *Int'l Shoe Co.*, 326 U.S. at 316. Finally, Plaintiff failed to file a legal brief in violation of Local Civil Rules 7.1(d)(1), which provides that "[n]o application will be heard unless the moving papers and a brief . . . are filed with the Clerk . . . . The brief shall be a separate document for submission to the Court[.]"

---

[2] The Affidavit of Service for Bombay provides that the process server served a copy of the Summons and Complaint upon Paula Belcastro, the Managing Agent for Bombay. (Bombay Request to Enter Default, Aff. of Service, ECF No. 4.)

[3] The Affidavit of Service for Joseph Scarola provides that the process server served a copy of the Summons and Complaint upon "'Jane Doe' (refused name) as [c]o-habitant at the address of: 179 Crown Ave., Staten Island, NY 10312." (Scarola Req. to Enter Default, Aff. of Service, ECF No. 3.)

3

Entry of default judgment is a matter of the Court's discretion. *See Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). Here, in the exercise of its discretion, the Court finds good cause to require Plaintiff to bolster the insufficient personal jurisdiction allegations in the Complaint with supporting materials including, if applicable, affidavits. In addition, the Court finds good cause to require Plaintiff to file a legal brief.[4] Accordingly,

**IT IS** on this 25th day of July 2019 **ORDERED** that:

1. Plaintiff's Motion is **DENIED** without prejudice.

2. Plaintiff may file a renewed motion by **August 26, 2019**.

3. Plaintiff's renewed motion must include supporting materials.

4. Plaintiff's renewed motion papers must contain a legal brief that complies with Local Civil Rules 7.1 and 7.2.

5. Plaintiff must serve a copy of this Memorandum Order on Defendants.

s/ Michael A. Shipp
**MICHAEL A. SHIPP**
**UNITED STATES DISTRICT JUDGE**

---

[4] The Court declines to reach any issues beyond personal jurisdiction in this Memorandum Order. Nor does this Court make any findings regarding personal jurisdiction, aside from noting that Plaintiff's allegations are insufficient. Plaintiff's brief in support of a renewed motion should set forth the default judgment factors and provide analysis to support Plaintiff's entitlement to relief.

4